IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EMPLOYERS & OPERATING ENGINEERS<br>LOCAL 520 PENSION FUND, et al., | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | Case No. 10-cv-0016-MJR |
| JACOBSMEYER-MAULDIN<br>CONSTRUCTION COMPANY, | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

MEMORANDUM AND ORDER

Reagan, District Judge:

Plaintiffs ("the Funds") filed this action seeking to recover liquidated damages owed them pursuant to applicable collective bargaining agreements signed by Defendant Jacobsmeyer-Mauldin Construction and the Operating Engineers Local 520. Suit was brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132, *et seq.* ("ERISA"). This Court enjoys subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331.

Served with the summons and complaint on January 11, 2010, Defendant failed to answer or otherwise respond. The Funds obtained a clerk's entry of default on March 4, 2010, pursuant to Federal Rule of Civil Procedure 55(a). *See* Doc. 12. Now before the Court is the Funds' motion for default judgment under Federal Rule of Civil Procedure 55(b).

Rule 55(b)(1) provides:

If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request – with an affidavit showing the amounts due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and is neither a minor nor an incompetent person.

The record before the Court indicates that default judgment should be granted.  The Court concludes that there is no need for a hearing, as authorized under Rule 55(b)(2) and appropriate where needed to determine the amount of damages or establish the truth of allegations by evidence.

The Funds have furnished a proper and detailed affidavit, and the pleadings contain excerpts to all relevant provisions of the collective bargaining agreements.  The amounts of delinquent contributions, liquidated damages, attorneys' fees and costs are set forth in those documents.

Accordingly, the Court **GRANTS** the motion for default judgment (Doc. 9) and **DIRECTS** the Clerk of Court to enter judgment in favor of Plaintiffs/the Funds and against Defendant Jacobsmeyer-Mauldin Construction Company in the **total amount of $3,125.23**, that total being comprised of the following components (*see* Doc. 11, p. 8):

$ 2,346.23 in liquidated damages on late fringe benefit contributions,

$ 379.00 in attorneys' fees, and

$ 400.00 in court costs.

-2-

IT IS SO ORDERED.

DATED March 19, 2010.


s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Court